**United States Court of Appeals**
**Fifth Circuit**
**F I L E D**

**December 30, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 03-50662
Summary Calendar

CLAUDE L. RIVERS, SR.,

Plaintiff-Appellant,

versus

SECTION 8; RITA WANSTROM; JACKSON COLE; HENRY FLORES;
CARL S. RICHIE, II; CHARLES BAILEY; JAMES L. HARGROVE;
JUDY PACIOCCO; DIANE FALCON; KENNETH HARRINGTON; MARY
F. REECE; LISA GARCIA; HOUSING AUTHORITY OF THE CITY
OF AUSTIN,

Defendants-
Appellees.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-03-CV-57-JN
-----------------------------------------------------------------

Before SMITH, DeMOSS AND STEWART, Circuit Judges.

PER CURIAM:[*]

Claude L. Rivers, Sr., appeals from the dismissal of his civil rights suits alleging claims under

the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c); the Hobbs

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Act, 18 U.S.C. § 1951; 42 U.S.C. § 1983; the Due Process Clause; and the Equal Protection Clause. The district court dismissed the complaint as frivolous.

As a preliminary matter, Rivers has inadequately briefed his claims under 42 U.S.C. § 1983, and he has failed to brief his claims concerning the defendants' alleged distribution of marijuana or his claims arising under state law. Accordingly, those claims are deemed abandoned. See Yohey -. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); see also FED. R. APP. P. 28(a)(9). We find no merit in the argument that the district court should have ruled on Rivers's motion to recuse because the case was transferred from the district judge who was the subject of the motion. See 28 U.S.C. §§ 144 and 455.

Rivers argues that he adequately pleaded his RICO claims because he alleged the predicate acts of mail fraud and extortion. We conclude, however, that Rivers's complaint fails to allege sufficiently a pattern of racketeering activity connected to the acquisition, establishment, conduct, or control of an enterprise. See Elliott v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989); Manax v. McNamara, 842 F.2d 808, 811 (5th Cir. 1988). Rivers's motion to transfer the appeal to the United States Supreme Court is DENIED.

AFFIRMED; MOTION DENIED.